UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCOS RAYOS,

        Plaintiff,

vs.

Case No. 1:15-cv-1153

Hon. Paul L. Maloney

WILLIE O. SMITH, *et al.*,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff has filed a § 1983 civil rights action against a number of defendants. This matter is now before the Court on plaintiff's motion for temporary restraining order (TRO) and preliminary injunction (docket no. 56).

**I.**    **Background**

Plaintiff's complaint contains allegations related to two different incidents. The first incident occurred on January 16, 2014, when plaintiff alleged that defendants Willie O. Smith, Heidi Washington, Erica Huss, Khris Nevins, Lloyd Thurlby, John Kelley, Shawn Ryske, Jill (Kerr) Salik, Ben Guiles, Amy Scott and Theresa (Sanders) Green failed to protect him from being attacked and injured by another prisoner at the Ionia Correctional Facility (ICF). Compl. (docket no. 1, PageID.4-9). On April 14, 2014, plaintiff was transferred to Marquette Branch Prison (MBP). *Id.* at PageID.9. The second incident occurred on December 14, 2014, when plaintiff alleged that defendant Huss failed to protect him from an attack by another prisoner at MBP. *Id.* at PageID.9. On initial screening, the Court dismissed defendants Smith and Washington. *See* Opinion (docket

no. 7); Order (docket no. 8).  The Court subsequently severed plaintiff's claims arising from the December 14, 2014 incident at MBP.  *See* Order (docket no. 69).

In his present motion, plaintiff asks the Court to grant a TRO and preliminary injunction.  *See* Motion (docket no. 56).  However, he does not request any specific relief.  *Id.*  Plaintiff's complaint provides little additional information, asking for "a preliminary and permanent injunction ordering defendants to cease their denial of protecting prisoners and plaintiff."  Compl. (docket no. 1, PageID.11).  In his declaration, plaintiff asks that he be given "necessary protection needs." Plaintiff's Decl. (docket no. 58, PageID.288).  The declaration listed three incidents in support of his motion:  (1) "I was assault [sic] by another prisoner on January 16, 2014, [d]uring the assault I was violently cut across the face with a razor blade." (this is the claim on which his lawsuit is based); (2) "[o]n December 14, 2014 after having been transferred from 'ICF' I was assaulted again by another prisoner after the first assailant distributed copies of a Mich. State Police Report and labeled me a rat to prison gangs"; and (3) "[o]n April 19, 2016 I was suckered [sic] punched while on yard after two months at 'IBC' and placed in administrative segragation [sic] for disciplinary actions."  Plaintiff's Decl. (PageID.288).

The Court construes plaintiff's combined motion as seeking a preliminary injunction. Although plaintiff requested both a TRO and a preliminary injunction, he did not provide any information to establish the need for the issuance of a TRO.  The applicable court rule, Fed. R. Civ. P. 65(b)(1), provides in pertinent part that "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]"  Based on the

allegations in the complaint, the requested relief in the complaint, and the three incidents referenced in the declaration (which occurred over the course of more than two years at three different correctional facilities), plaintiff has not clearly shown that immediate and irreparable injury, loss, or damage would result to him before the adverse party could be heard in opposition.

## II.     Discussion

### A.     Legal standard

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). *See, e.g.*, *Blaylock v. Cheker Oil Co.*, 547 F.2d 962, 965 (6th Cir. 1976) ("[t]he general function of a preliminary injunction is to maintain the status quo pending determination of an action on its merits"). However, "[i]f the currently existing status quo itself is causing one of the parties irreparable injury, it is necessary to alter the situation so as to prevent the injury, either by returning to the last uncontested status quo between the parties, by the issuance of a mandatory injunction, or by allowing the parties to take proposed action that the court finds will minimize the irreparable injury." *Stenberg v. Cheker Oil Company*, 573 F.2d 921, 925 (6th Cir. 1978) (internal citations omitted). Here, it appears that plaintiff seeks the issuance of a mandatory injunction to alter the status quo and grant him the ultimate relief sought in this lawsuit, i.e., some type of protective custody.

A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his burden of proving that the circumstances clearly demand it. *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *Fort Wayne Women's Health Organization v. Brane*, 734 F.Supp. 849, 850 (N.D. Ind. 1990). Where a prison

inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432, 438, n. 3 (6th Cir. l984). Courts must accord prison administrators "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995). Correctional officials are professional experts in matters of security and discipline; as such they are better suited to make decisions about security and discipline than are the courts. *Bell v. Wolfish,* 441 U.S. 520, 547 (1979). Moreover, "the operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial." *Id.* at 548.

      Here, plaintiff did not serve this motion for a preliminary injunction on defendants. A motion for an ex parte preliminary injunction is contrary to Fed. Rules Civ. Proc. 65(a)(1), which provides that "[n]o preliminary injunction shall be issued without notice to the adverse party." *See Phillips v. Chas. Schreiner Bank*, 894 F.2d 127, 130-31 (5th Cir. 1990) ("[t]he courts consistently have treated rule 65(a)(1) as mandatory and have not hesitated to dissolve preliminary injunctions issued without notice or the opportunity for a hearing on disputed questions of fact and law"); *Consolidation Coal Co. v. Disabled Miners of Southern W. Va.*, 442 F.2d 1261, 1269 (4th Cir. 1971) (court's issuance of an ex parte preliminary injunction "was manifestly error, because Rule 65(a)(1) is explicit that 'no preliminary injunction shall be issued without notice to the adverse party'"). Accordingly, the motion should be denied on that ground.

      Even if plaintiff had served the preliminary injunction on defendants, he does not prevail on the merits. In reviewing requests for injunctive relief, the Court considers (1) whether the

movant has shown a strong or substantial likelihood or probability of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether the preliminary injunction will cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *See Rock & Roll Hall of Fame v. Gentile Productions*, 134 F.3d 749, 753 (6th Cir. 1998).

The movant bears the burden of persuading the court that the factors weigh in favor of granting a preliminary injunction. *Granny Goose Foods, Inc. v Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County,* 415 U.S. 432, 441 (1974). The four factors listed above are meant to be balanced as they guide the court in exercising its discretion; they are not due rigid application and need not be assigned equal weight. *In re Eagle-Pitcher Indus., Inc.,* 963 F.2d 855, 859 (6th Cir. 1992). The court's discretion is directed at the weight to be given each factor, and the effect to be accorded their mix. While a court need not consider any single factor as either indispensable or dispositive, neither is it required to conclude that all four support its decision. "Although the four factors must be balanced, the demonstration of some irreparable injury is a *sine qua non* for issuance of an injunction." *Patio Enclosures, Inc. v. Herbst*, 39 Fed. Appx. 964, 967 (6th Cir. 2002), citing *Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 105 (6th Cir.1982) ("[s]everal of the circuits which have recognized the 'balance of hardships' test have now made it clear that the plaintiff must always demonstrate some irreparable injury before a preliminary injunction may issue"). *See also, Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003) ("[f]ailure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction"). In addition, it is well established that "a finding that there is simply no likelihood of

success on the merits is usually fatal." *Gonzales v. National Board of Medical Examiners,* 225 F.3d 620, 625 (6th Cir. 2000).

### B. Evaluation of the four factors

#### 1. Likelihood of success on the merits

Plaintiff has not established a substantial likelihood of success on the merits. There is no evidence in the record other than plaintiff's allegations and his declaration. Given this sparse record, the Court concludes that this factor is neutral.

#### 2. Irreparable Injury

The "key word" in determining the extent of an injury sufficient to support the award of injunctive relief is "irreparable." *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog,* 945 F.2d 150, 154 (6th Cir. 1991). Mere injuries, however substantial, are not enough. *Id.* Rather, "the harm alleged must be both certain and immediate, rather than speculative or theoretical." *Id.* "In order to substantiate a claim that irreparable injury is likely to occur, a movant must provide some evidence that the harm has occurred in the past and is likely to occur again." *Id.* (internal citations omitted). Here, the Court concludes that plaintiff is not suffering from irreparable harm. While plaintiff alleged that he was assaulted with a razor in January 2014 at ICF, plaintiff acknowledged in his complaint that he received a misconduct ticket for fighting on that date. Compl. at PageID.7. In December 2014, plaintiff alleged that he was "assaulted" at MBP, giving no details. *Id.* at PageID.9. Finally, in April 2016, plaintiff stated in his declaration that he was sucker punched by a prisoner while at IBC. Decl. at PageID.288. Now, plaintiff is incarcerated at the Earnest C. Brooks facility (LRF). *See* Change of Address (docket no. 82). The only claim of recent harm is that plaintiff was "sucker punched" while incarcerated at IBC. Based on this sparse record, the Court

finds no basis to conclude that plaintiff is subject to irreparable harm which is "certain and immediate." *Michigan Coalition of Radioactive Material Users, Inc.*, 945 F.2d at 154. Accordingly, this factor favors defendants.

### 3. Substantial harm to others

There is no evidence before the Court that the requested injunctive relief will, or will not, cause substantial harm to others. Accordingly, this factor is neutral.

### 4. Public interest

Plaintiff does not seek a court order to maintain the status quo. Rather, plaintiff seeks to have this Court alter the status quo by granting a mandatory injunction requiring the MDOC to provide him with some type of protective custody. Plaintiff's requested injunctive relief would require this court to intervene in the MDOC's day-to-day operation of its correctional facilities "Because the realities of running a penal institution are complex and difficult," the Supreme Court has "recognized the wide-ranging deference to be accorded the decisions of prison administrators." *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 126 (1977). Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. Such matters are best left to the state's prison officials.

> [J]udicial deference is accorded not merely because the administrator ordinarily will, as a matter of fact in a particular case, have a better grasp of his domain than the reviewing judge, but also because the operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial.

*Bell*, 441 U.S. at 548.

The issuance of a preliminary injunction in this case would unnecessarily intrude into the day-to-day operation of the MDOC and disrupt that agency's ability to manage prisoners. The

sparse record before the Court does not suggest that the MDOC's operation of correctional facilities under the status quo poses such a threat to plaintiff that this Court must intervene during the pendency of this lawsuit and exercise its judgment in place of the professional judgment of the MDOC's employees. Accordingly, this factor favors defendants.

### 5. Conclusion

After reviewing the four factors relevant to issuing injunctive relief, the Court draws the following conclusions. The first factor, likelihood of success on the merits, favors neither party. The second factor favors defendants, because plaintiff has not demonstrated that he will suffer irreparable harm. The third factor, substantial harm to others, favors neither party. Finally, the fourth factor favors defendants because there exists a strong public interest in having the MDOC, rather than this Court, manage the state prison population. For these reasons, the Court concludes that plaintiff's motion for a preliminary injunction should be denied.

### III. Recommendation

For these reasons, I respectfully recommend that plaintiff's motion for a TRO and preliminary injunction (docket no. 56) be **DENIED**.

Dated: November 9, 2016          /s/ Ray Kent
                                 RAY KENT
                                 United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).