UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARCOS RAYOS, #311171, | ) | |
|                Plaintiff, | ) | |
| | ) | No. 1:15-cv-1153 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| WILLIE O. SMITH, et al., | ) | |
|                Defendant. | ) | |
| | ) | |

## ORDER MODIFYING AND ADOPTING REPORT AND RECOMMENDATION AND GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Marcos Rayos, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed a § 1983 lawsuit against multiple MDOC employees. Rayos complains that the defendants failed to protect him from two attacks after he informed various MDOC employees that he would be attacked by other prisoners. The first incident occurred at the Ionia Correctional Facility in January 2014. The second incident occurred at the Marquette Branch Prison in December 2014. The claims arising from the second incident have been severed and dismissed without prejudice. (ECF No. 69.)

Defendants filed a motion for summary judgment, asserting lack of exhaustion of administrative remedies. (ECF No. 87.) Defendants argue that Rayos did not name any specific defendants in the relevant grievances. The magistrate judge issued a report recommending the motion be granted in part. (ECF No. 112 R&R). The magistrate judge identified the remaining defendants as Nevins, Thurlby, Kelley, Ryske, (Kerr) Salik, Guiles, Scott and (Sanders) Green. (*Id.* PageID.689.) The magistrate judge recommends dismissing

only defendants Sergeant Kelley, Sergeant Ryske, and Correctional Officer Scott. The magistrate judge also recommends dismissing all of the claims brought against the defendants in their official capacities.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider").

Rayos filed an objection. (ECF No. 117.) Rayos does not object to the dismissal of Kelley, Ryske, or Scott. Neither does Rayos object to the dismissal of the claims against defendants in their official capacities. Defendants have not filed any objection. Accordingly, these recommendations will be adopted.

The dispute in Rayos's objection is the status Defendant Assistant Deputy Erica Huss. In the report and recommendation, the magistrate judge noted that the claim against Defendant Huss related to the incident at the facility in Marquette was severed from this lawsuit. (R&R at 2 PageID.689.) This is an accurate statement; on September 19, 2016, this Court granted Defendants' motions to sever and dismissed "Plaintiff's claim against defendant Huss related to the December 14, 2014 incident at MBP[.]" (ECF No. 69

PageID.338.)  When Defendants filed their motion to dismiss, Huss was still a defendant for the incident that occurred at the Ionia facility.  Defendants acknowledged that Huss was still a defendant because the motion for summary judgment was filed behalf of all the remaining defendants and explicitly identified Huss as one of those defendants.  (ECF No. 87.)  In fact, Erica Huss is the first defendant named in the first sentence of the motion.  (PageID.403.)

Accordingly, Rayos's objection is well taken.  Rayos has established a factual error in the report and recommendation.  The magistrate judge's summary of the facts erroneously omitted Huss as a remaining defendant.  By not filing an objection to the recommended disposition of the motion, Defendants have waived the argument that Huss should be dismissed for failure to exhaust.

For these reasons, the Report and Recommendation is **MODIFIED** to reflect that Erica Huss is still a defendant in this lawsuit.  With that modification, the Report and Recommendation (ECF No. 112) is **ADOPTED** as the Opinion of this Court.

Defendants' motion for summary judgment (ECF No. 87) is **GRANTED IN PART.** Defendants Kelley, Ryske and Scott are **DISMISSED.**   All claims against Defendants in their official capacities are **DISMISSED.**

**IT IS SO ORDERED.**

Date:  August 25, 2017                                                              /s/ Paul L. Maloney
                                                                                                  Paul L. Maloney
                                                                                                  United States District Judge