UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCOS RAYOS,

        Plaintiff,

v.

WILLIE O. SMITH, *et al.*,

        Defendants.

_____/

Case No. 1:15-cv-1153

Hon. Paul L. Maloney

**REPORT AND RECOMMENDATION**

This is a *pro se* civil rights action brought by a state prisoner at a Michigan Department of Corrections (MDOC) facility pursuant to 42 U.S.C. § 1983. This matter is now before the Court on plaintiff's "Request for temporary restraining order and request for injunction" (ECF No. 125).

    **I.**    **Discussion**

This case involves two claims that defendants failed to protect plaintiff from an attack which occurred at the Ionia Correctional Facility (ICFF) on January 16, 2014 and that defendant Huss failed to protect plaintiff from an attack which occurred at the Marquette Branch Prison (MBP) on December 14, 2014. *See* Opinion (ECF No. 7, PageID.35-39); R&R (ECF No. 112, PageID.688-689). Plaintiff has now filed a motion seeking injunctive relief. However, plaintiff's declaration does not address his claims against defendants at issue in this lawsuit. Rather, plaintiff's declaration sets forth complaints of staff harassment and retaliation which occurred about three years later (November and December 2017), at a different correctional facility (Carson City Correctional Facility (DRF)), and involved individuals who are not parties to this

1

lawsuit. Decl. (ECF No. 126-1). In this regard, plaintiff stated that on December 10, 2017, a non-party DRF Corrections Officer (Findlay) found a weapon in plaintiff's "locked locker," and that on the same day non-party DRF Corrections Officer Trefil seized his typewriter, personal belongings, and a footlocker. *Id*. Plaintiff also stated that his second foot locker, which included court files pertaining this action "conveniently [sic] became missing in its entirety." *Id*. Plaintiff also stated that on December 12, 2017, he wrote to the attorney for the defendants in this case regarding these issues by the correspondence was not answered. *Id*.

Plaintiff cites Fed. R. Civ. P. 65(b)(1) (issuance of a temporary restraining order or "TRO" without notice) and the issuance of a preliminary injunction. As an initial matter, there is no basis for issuing a temporary restraining order because plaintiff did not set forth "specific facts in an affidavit" which "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." *See* Fed. R. Civ. P. 65(b)(1)(A). As discussed, plaintiff seeks relief related to an on-going property dispute with employees at DRF.

In addition, plaintiff is not entitled to a preliminary injunction because the requested relief is unrelated to the claims alleged in his lawsuit. While "[a] preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally," an injunction should not issue when "it deals with a matter lying wholly outside the issues in the suit." *De Beers Consolidated Mines v. United States*, 325 U.S. 212, 220 (1945). This case does not involve plaintiff's claims of harassment at DRF. The only injunctive relief sought in this case is that the Court enter a preliminary injunction and permanent injunction "ordering defendants [involved in the 2014 incidents at ICF and MBP] to cease their denial of protecting prisoners and plaintiff." Compl. (ECF No. 1, PageID.11).

Finally, as his relief, plaintiff wants this Court to order defendants to replace papers which may have been confiscated or destroyed by personnel at DRF.  In this regard, while plaintiff's declaration included the ambiguous statement that his second foot locker "conveniently became missing," he has provided no further explanation to support his extraordinary request that this Court order defendants (who had nothing to do with plaintiff's property at DRF) to replace at their expense "all Court files, exhibits, motions, orders, briefs, and documents filed pertaining to this Action."

In summary, plaintiff's requested injunction involves claims "lying wholly outside the issues in the suit."  *See De Beers Consolidated Mines*, 325 U.S. at 220.  For this reason, plaintiff's motion for injunctive relief should be denied.

### II.     Recommendation

Accordingly,  I respectfully recommend that plaintiff's motion for injunctive relief (ECF No. 125) be **DENIED**.


Dated:  May 7, 2018                              /s/ Ray Kent
                                                 United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).