UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCOS RAYOS,

          Plaintiff,

v.

WILLIE SMITH, *et al.*,

          Defendants.

                                        /

Case No. 1:15-cv-1153

Hon. Paul L. Maloney

**REPORT AND RECOMMENDATION**

        This is a *pro se* civil rights action brought by a former state prisoner at a Michigan Department of Corrections (MDOC) facility pursuant to 42 U.S.C. § 1983.  One of the defendants in this case, Lloyd Thurlby, died on July 16, 2018.  Defendants filed a suggestion of death advising the Court and plaintiff of that fact on August 1, 2018.  *See* Notice of Suggestion of Death (ECF No. 199).  Fed. R. Civ. P. 25  ("Substitution of parties") provides in pertinent part that:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).  The 90-day time frame for "any party or by the decedent's successor or representative" to file a motion for substitution has passed.  Accordingly, plaintiff's action against the decedent, defendant Thurlby, must be dismissed.

1

### III. Recommendation

For these reasons, I respectfully recommend that the decedent, defendant Thurlby, be **DISMISSED**.

Dated: November 5, 2018                /s/ Ray Kent
                                        United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).