UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCOS RAYOS, #311171, )
         Plaintiff, )
) No. 1:15-cv-1153
-v- )
) Honorable Paul L. Maloney
WILLIE SMITH, *et al.*, )
         Defendants. )
)

## ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING PLAINTFF'S MOTIONS FOR SUMMARY JUDGMENT AND GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Currently pending are three motions for summary judgment: two filed by Plaintiff Rayos (ECF Nos. 184 and 202) and one filed by the five remaining Defendants (ECF No. 196). The magistrate judge reviewed the motions and issued a report recommending Plaintiff's motions be denied and Defendants' motion be granted in part. (ECF No. 235.) Plaintiff filed objections. (ECF No. 236.) Defendants did not file any objections.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Plaintiff's objections address only his claim against Defendant Nevins, which arises from the January 16, 2014, incident. The magistrate judge recommends dismissing the claim, relying on the following conclusions:

A. The December 17, 2013 kite did not inform Nevins of a threat to Plaintiff by the individual who attacked Plaintiff. The kite informed Nevins of a threat to Plaintiff from two gang members. (PageID.1570.)

B. Nevins did not have the opportunity to read the January 16, 2014, kite which was placed in the kite box approximately one hour before the attack. Therefore, Nevins had no knowledge of an impending attack. (PageID.1570-71.)

C. Even if Nevins did have knowledge, the attack on January 16 was an isolated incident, which is insufficient for an Eighth Amendment claim. (PageID.1571.)

Plaintiff argues that, for deliberate indifference, the law does not require that the defendant knows about a risk of attack from a particular prisoner. The law requires only that the defendant be aware of an obvious and substantial risk to the plaintiff. Plaintiff identifies evidence in the record from which a factfinder could conclude that Nevins should have understood that Plaintiff was in danger from other prisoners.

Plaintiff's objection is overruled. The kite at issue indicates that the threat was from a particular gang, and specifically from two members of the gang. The December 17 kite contains specific information as to those gang members that Nevins would not have been put on notice of a general threat to Plaintiff's safety from any and all prisoners.

Accordingly, the Report and Recommendation (ECF No. 235) is **ADOPTED** as the Opinion of this Court. Plaintiff's motions for partial summary judgment (ECF Nos. 184 and 202) are **DENIED**. Defendants' motion for summary judgment (ECF No. 196) is **GRANTED IN PART**. Only the claim against Defendant Huss arising from the December 14, 2014, incident remains pending. Only Defendant Huss remains in this action.

**IT IS SO ORDERED.**

Date: March 26, 2019 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge