UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCOS RAYOS,

        Plaintiff,

v.

WILLIE O. SMITH, *et al.*,

        Defendants.
_____/

Case No. 1:15-cv-1153

Hon. Paul L. Maloney

**REPORT AND RECOMMENDATION**

This is a *pro se* civil rights action brought by a prisoner in the custody of the Michigan Department of Corrections (MDOC). This matter is now before the Court on defendant Erica Huss' second motion for summary judgment (ECF No. 243).[1]

**I.    Background**

Plaintiff's lawsuit involved a number of claims which have been dismissed. Plaintiff's only claim remaining in this lawsuit is that Deputy Warden Erica Huss failed to protect him from an attack at Marquette Branch Prison (MBP) which occurred on December 14, 2014. This Court has set forth plaintiff's allegations in previous documents filed in this action.[2] For that reason, the Court will only address plaintiff's allegations related to the remaining claim.

In April 2014, plaintiff was transferred from Ionia Correctional Facility (ICF) to MBP. Plaintiff alleged that prisoners riding into MBP had copies of a Michigan State Police Report containing his statements regarding an attack at ICF, that several months later plaintiff was attacked by an unknown prisoner at MBP, and that defendant Huss was aware of the situation but

---

[1] The Court addressed a number of preliminary matters in an order entered on this date.
[2] *See* Opinion (ECF No. 7), R&R (ECF No. 112), R&R (ECF No. 153), and R&R (ECF No, 235).

1

failed to protect him from the attack. *See* R&R (ECF No. 235, PageID.1560-1564, 1568). Plaintiff alleged that defendant Huss' actions violated his Eighth Amendment rights.

## II. Defendants' motion for summary judgment

### A. Legal standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). However, the Court is not bound to blindly adopt a non-moving party's version of the facts. "When opposing parties

2

tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### B. Discussion

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which "provides a civil cause of action for individuals who are deprived of any rights, privileges, or immunities secured by the Constitution or federal laws by those acting under color of state law." *Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 (6th Cir. 2004). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

"Prisons, by definition, are places of involuntary confinement of persons who have a demonstrated proclivity for antisocial criminal, and often violent, conduct." *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). Nevertheless, inmates have a constitutionally protected right to health and safety grounded in the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). A prison official's duty under the Eighth Amendment is to ensure reasonable safety, a standard that incorporates due regard for prison officials' unenviable task of keeping dangerous men in safe custody under humane conditions[.]" *Id.* at 844-45 (internal citations and quotation marks omitted). *See, e.g., Gilland v. Owens*, 718 F. Supp. 665, 688 (W.D. Tenn. 1989) (observing that the violent tendencies of inmates is not within the control of jail officials).

However, "not all injuries suffered by an inmate at the hands of another prisoner result in constitutional liability for prison officials under the Eighth Amendment." *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998). To establish an Eighth Amendment claim that a prison

3

official failed to protect an inmate, the inmate must show that the official was deliberately indifferent "to a substantial risk of serious harm" to the inmate. *Farmer*, 511 U.S. at 828; *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004). "To demonstrate deliberate indifference, an inmate must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it.' " *Greene*, 361 F.3d at 294, quoting *Farmer*, 511 U.S. at 829, 847. "Generally, a single isolated attack on an inmate cannot give rise to a deliberate indifference claim because the inmate will be unable to show that officials were consciously aware of the risk of an attack." *McDuff v. Addis*, No. 1:17-cv-912, 2018 WL 3239491 at *3 (W.D. Mich. July 3, 2018) (citing *Lewis v. McLennan*, 7 Fed. Appx. 373, 375 (6th Cir. 2001) (which affirmed dismissal of an Eighth Amendment claim because the plaintiff had not alleged any specific facts which would show that he was in danger of being assaulted by other prisoners). Finally, because courts consider the reasonableness of a prison official's actions, the Supreme Court has instructed that "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844.

In a previous declaration, plaintiff stated that on April 1, 2014 he was seen by the security classification committee at ICF, conducted by defendant Huss. At that time, plaintiff was on a waiting list for ICF programming which allowed for protective custody. Plaintiff's Decl. (ECF No. 203-1, PageID.1287); R&R (ECF No. 235, PageID.1568). Plaintiff was transferred to MBP on April 23, 2014. *See* Affidavit of MDOC Litigation Specialist Jaquine Castillo (ECF No. 244-1). About eight months later, on December 14, 2014, plaintiff was assaulted at MBP. While plaintiff seeks to hold defendant Huss responsible for failing to prevent this attack, Huss did not work at MBP at that time. Notably, Huss began her employment at MBP on March 29, 2015, more

4

than three months after the attack. According to MDOC employment records, defendant Huss worked as a Deputy Warden at ICF from November 13, 2011 until March 28, 2015, and as a Deputy Warden at MBP from March 29, 2015 until December 30, 2017. *See* Affidavit of MDOC Human Resources Technician Dawn Chisholm (ECF No. 244-2). In short, plaintiff cannot show that defendant Huss was deliberately indifferent for failing to protect him from the attack at MBP on December 14, 2014, because Huss did not work at that correctional facility. Accordingly, defendant Huss should be granted summary judgment on this claim.

### III. Recommendation

For these reasons, I respectfully recommend that defendant Huss' second motion for summary judgment (ECF No. 243) be **GRANTED** and that this action be **TERMINATED**.

Dated:  February 27, 2020                    /s/ Ray Kent
                                             RAY KENT
                                             United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).